IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,           No. 3:16-cr-00110-HZ-02

        Plaintiff,                       OPINION & ORDER

    v.

JOSE JOEL HELGUERA-DEL RIO,

        Defendant.

Natalie K. Wight
Amy E. Potter
U.S. Attorney's Office
1000 SW Third Ave, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

Michael R. Levine
Levine & McHenry LLC
1050 SW Sixth Avenue
Suite 1414
Portland, OR 97204

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter is before the Court on Defendant Jose Joel Helguera-Del Rio's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence [ECF 181]. For the following reasons Defendant's Motion is denied.

## BACKGROUND

On February 23, 2016 Defendant and Alejandro Martinez were driving northbound on Highway 97 outside Moro, Oregon. Oregon State Police Officer Alexander Zuniga pulled the minivan over because it was missing the front license plate. When Zuniga asked to see the minivan's registration Defendant, who was riding in the front passenger seat, opened the glove box, revealing a cocked handgun. Defendant quickly closed the glove box, but Officer Zuniga saw the gun, opened the passenger door, and removed Defendant from the vehicle. At some point Sherman County Sheriff Brad Lohrey arrived on the scene and Defendant was secured in Lohrey's car while Zuniga searched the vehicle. Zuniga first searched the passenger-side door handle pocket and found a package of cigarettes, a lighter, and a rolled-up bill of United States currency. On closer examination Zuniga noticed a white power residue on the bill and suspected the residue was drugs.[1] Zuniga then initiated a full search of the vehicle which yielded a small quantity of methamphetamine inside the cigarette package folded up in a five-dollar bill, approximately 44 pounds of methamphetamine in a storage compartment, and 25 pounds of cocaine in a duffle bag in the third row of seats.

On March 15, 2016, Defendant was indicted on one count of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Cocaine in violation of 21 U.S.C.

---

[1] On testing it was established that the residue was methamphetamine.

§§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(viii), and 846; one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(A)(viii); one count of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(A)(ii); and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A).

Defendant moved to suppress the gun and the drugs found in the minivan. The Court denied Defendant's Motion after an evidentiary hearing, but granted leave for both parties to file supplemental briefs. The Court adhered to its decision after considering the parties' post-hearing submissions.

On January 12, 2017, the Court held a conference at which it addressed Defendant's Motion in Limine to preclude the government from offering testimony by Martinez that he and Defendant had traveled from Washington to California for the purpose of transporting drugs the week before they were pulled over. The Court denied the Motion to the extent that it found Martinez's testimony was admissible "to show that [Defendant] had knowledge of what he was doing, this was not an accident, there was an intentional conduct," but granted the Motion to the extent that the government sought to use the testimony to show Defendant "must have been involved in it the second time because he did it the first time." Hearing Tr. 24 [ECF 162].

Before trial the parties stipulated that the "methamphetamine residue found on the $5 bill, and inside the cigarette package, was not linked to the methamphetamine found in the storage compartment of the van." [ECF 108]. The stipulation also included "the understanding that the government [would] not argue to the jury that they should infer such a link." *Id*.

On January 18, 2017, the matter went to trial and Martinez testified for the prosecution. After a three-day trial the jury found Defendant guilty on all counts of the Indictment.

3 – OPINION & ORDER

On September 6, 2017, the Court sentenced Defendant to concurrent terms of 180 months imprisonment on Counts 1-3 and a consecutive term of 60 months imprisonment on Count 4. On September 12, 2017, the Court entered a Judgment.

On September 15, 2017, Defendant filed a Notice of Appeal to the Ninth Circuit.

On August 19, 2019, the Ninth Circuit entered a Final Judgment and Mandate in which it affirmed Defendant's conviction and sentence.

On November 5, 2019, Defendant filed a Petition for Writ of Certiorari to the United States Supreme Court.

On December 9, 2019, the Supreme Court denied Defendant's Petition for Writ of Certiorari.

On November 23, 2020, Defendant filed a Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence on the basis of ineffective assistance of counsel. The Court took Defendant's Motion under advisement on October 17, 2022.

## STANDARDS

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> * * *
>
> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and

4 – OPINION & ORDER

      shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Although "the remedy [under § 2255] is . . . comprehensive, it does not encompass all claimed errors in conviction and sentencing. . . . Unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack [under § 2255] has remained far more limited." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

## DISCUSSION

Defendant moves to vacate his conviction and sentence on the basis that he received ineffective assistance of trial counsel. The government asserts Defendant's Motion should be denied.

**I.      Standards**

The Supreme Court has established a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Premo v. Moore*, 562 U.S. 115, 122 (2011). *See also Strickland v. Wash.*, 466 U.S. 668, 678, 687 (1984). Under this test a defendant must not only prove counsel's assistance was deficient, but also that the deficient performance prejudiced the defense. *Premo*, 562 U.S. at 122. *See also Petrocelli v. Baker,* 869 F.3d 710, 723 (9th Cir. 2017), *as amended* (Aug. 23, 2017).

To prove deficiency of performance, "the defendant must show that counsel's performance 'fell below an objective standard of reasonableness . . . under prevailing professional norms' and that 'counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Pinkston v. Foster*, 506 F. App'x 539, 541 (9th Cir. 2013)(quoting *Strickland*, 466 U.S. at 687-88)). The "'performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances.'" *Hinton v. Ala.*, 571 U.S. 263, 273 (2014)(quoting *Strickland,* 466 U.S. at 688). There is a strong presumption that

5 – OPINION & ORDER

counsel's assistance was adequate. *Strickland*, 466 U.S. at 689. *See also United States v. Mejia*, 856 F. App'x 69, 70 (9th Cir. 2021)("Mejia's unsupported speculation that the offer lapsed, without more, does not meet his burden of overcoming the strong presumption that counsel rendered adequate assistance.")(quotation omitted)).

To "establish prejudice, a defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Andrus v. Tex.*, 140 S. Ct. 1875, 1881 (2020)(quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Hinton,* 571 U.S. at 275 (quoting *Strickland*, 466 U.S. at 695).

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Strickland*, 466 U.S. at 697. *See also Creech v. Richardson*, 40 F.4th 1013, 1025 (9th Cir. 2022). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697. *See also Creech,* 40 F.4th at 1025.

**II.    Analysis**

Defendant alleges trial counsel rendered ineffective assistance when he "failed to object and move for a mistrial after the prosecutor committed multiple acts of misconduct in closing argument." Def.'s Resp. 1. Specifically, Defendant notes during closing the prosecutor (1) violated the parties' stipulation that the government would not ask the jury to infer any link between the small quantity of methamphetamine found in the passenger-side door handle pocket and the larger quantity of methamphetamine found elsewhere in the vehicle; (2) violated the Court's ruling on Plaintiff's Motion in Limine when he suggested the jury infer Martinez's testimony about an earlier trip with Defendant to California showed Defendant must have known

he was involved in a drug run the second time because he did it the first time; and (3) vouched for Martinez. Defense counsel, however, failed to object to or to move for a mistrial after any or all of these actions by the prosecutor. Defendant asserts that taken separately and together defense's counsel failure to object to these actions was deficient performance that necessitates granting Defendant's Motion to Vacate his conviction.

The government conceded on appeal that "the prosecutor committed misconduct by vouching for the credibility of Martinez's testimony" and "the prosecutor improperly argued propensity evidence by telling the jury that Helguera had the 'lifestyle' of a drug trafficker." *United States v. Helguera-Del Rio*, 775 F. App'x 838, 840 (9th Cir. 2019). The Ninth Circuit, however, found the prosecutor's misconduct did not rise to the level of plain error, even when considered collectively. The government asserts Defendant has not established here either that counsel's performance fell below an objective standard of reasonableness or that the error prejudiced Defendant. The Court agrees.

I.    **Reasonableness**

The statements to which Defendant alleges defense counsel should have objected were made by the prosecutor during closing argument. The Ninth Circuit has held "[b]ecause many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the 'wide range' of permissible professional legal conduct." *United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993), *as amended on denial of reh'g* (Apr. 15, 1993) . *See also Carranza v. Martel*, 722 F. App'x 612, 615 (9th Cir. 2018)("It was reasonable for the state court to conclude that the decision not to object during the closing did not amount to deficient performance."). In addition, as the Ninth Circuit noted on the appeal of this matter "the prosecutor ameliorated the

7 – OPINION & ORDER

vouching error himself, telling the jury that '[e]ven though I say that Mr. Martinez sounded believable to me, that doesn't matter a lick either.'" *Helguera-Del Rio*, 775 F. App'x at 840. The Court, therefore, concludes Defendant has not established that defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms.

## II.    Prejudice

The Court also concludes that even if failing to object or to move for a mistrial based on the prosecutor's statements during closing argument constituted performance below an objective standard of reasonableness, Defendant has not shown prejudice. Specifically, as noted, the prosecutor ameliorated the vouching. In addition, the Court instructed the jury that the lawyers' closing arguments are not evidence and that they "should examine the testimony of Mr. Martinez with greater caution than that of other witnesses." *Helguera-Del Rio,* 775 F. App'x at 840. The Ninth Circuit has found that "even in cases of prosecutorial misconduct, 'an instruction carries more weight than an argument.'" *Id*. (quoting *United States v. Begay*, 673 F.3d 1038, 1046 (9th Cir. 2011)(en banc). *See also Fields v. Brown*, 503 F.3d 755, 782 (9th Cir. 2007) (en banc) ("We presume that jurors follow the instructions.").

The Ninth Circuit also found on appeal that "the jury heard plenty of evidence apart from Mr. Martinez's testimony to suggest that [Defendant] was a knowing participant in a drug trafficking operation rather than an unwitting bystander." *Id.* In particular, evidence reflected Defendant and Martinez drove for nearly 32 hours with little rest, "an itinerary consistent with drug trafficking." *Id.* In addition, when he arrived in Southern California, Defendant texted the words "California Budget Motel" to an unknown person, "suggesting a clandestine meeting." *Id.* When the police questioned Defendant about the large quantities of drugs found in the car, Defendant told them repeatedly that the drugs were not his and that he had not seen them, "but

8 – OPINION & ORDER

he conspicuously avoided answering whether he had been paid to deliver the drugs and whether he knew the drugs were there." *Id.* Moreover, despite evidence that Defendant worked in orchards and vineyards making approximately two or three thousand dollars per month he was carrying over $3,000 in cash and he offered Martinez $3,000 to drive to California with him. The evidence at trial, even without Martinez's testimony, also reflected Defendant "provided the vehicle, purchased and possessed the white cell phone used to arrange the transaction, and carried the cash." *Id*. at 841. This evidence, "independent of the effect of any misconduct, strongly suggested that [Defendant] was a knowing participant in a drug trafficking conspiracy." *Id*. at 840. As the Ninth Circuit noted "the prosecution produced less evidence (aside from Martinez's testimony) that tends to directly show that [Defendant] knowingly possessed the firearm, as alleged in Count 4" of the Indictment, however, the jury "[w]ith or without Martinez's testimony . . . could have inferred from this circumstantial evidence that [Defendant] was aware of the firearm." *Id*. at 841.

The Court concludes Defendant has not established that there is a reasonable probability that, but for defense counsel's failure to object to the various improper statements by the prosecutor during closing, the result of the proceeding would have been different. Defendant, therefore, has not established defense counsel's performance prejudiced the defense.

## CONCLUSION

For these reasons, the Court denies Defendant's Motion Under § 2255 to Vacate, Set

Aside, or Correct Sentence [181].

    IT IS SO ORDERED.

    DATED:<u> November 16, 2022 </u>.

    _____
    MARCO A. HERNÁNDEZ
    United States District Judge

10 – OPINION & ORDER