IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:16-cr-00110-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| JOSE JOEL HELGUERA-DEL RIO, | |
| Defendant. | |

Natalie K. Wight
Amy E. Potter
U.S. Attorney's Office
1000 SW Third Ave, Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

Michael R. Levine
Levine & McHenry LLC
1050 SW Sixth Avenue
Suite 1414
Portland, OR 97204

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter is before the Court on Defendant Jose Joel Helguera-Del Rio's Motion for Certificate of Appealability. ECF 232. For the following reasons Defendant's Motion is denied.

## BACKGROUND

On March 15, 2016, Defendant was indicted on one count of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(viii), and 846; one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(A)(viii); one count of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(A)(ii); and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A).

On January 18, 2017, the matter went to trial and a jury found Defendant guilty on all counts of the Indictment.

On September 6, 2017, the Court sentenced Defendant to concurrent terms of 180 months imprisonment on Counts 1-3 and a consecutive term of 60 months imprisonment on Count 4.

On September 15, 2017, Defendant filed a Notice of Appeal to the Ninth Circuit.

On August 19, 2019, the Ninth Circuit entered a Final Judgment and Mandate in which it affirmed Defendant's conviction and sentence.

Defendant filed a Petition for Writ of Certiorari to the United States Supreme Court, which the Court denied on December 9, 2019.

Defendant filed a Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence on the basis of ineffective assistance of counsel, which this Court denied on November 16, 2022.

On November 23, 2022, Defendant filed a Notice of Appeal to the Ninth Circuit of this Court's November 16, 2022 Opinion and Order.

On January 8, 2023, Defendant filed a Motion for Certificate of Appealability.

On January 18, 2023, the Ninth Circuit remanded the matter to this Court for the limited purpose of granting or denying a certificate of appealability.

The Court took Defendant's Motion for Certificate of Appealability under advisement on January 23, 2023.

## STANDARDS

"The district court should grant an application for a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a habeas petitioner "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quotation omitted).

## DISCUSSION

Defendant moved to vacate his conviction and sentence on the basis that he received ineffective assistance of trial counsel when counsel failed to object and move for a mistrial after the prosecutor allegedly committed multiple acts of misconduct in closing argument. Specifically, Defendant noted that during closing the prosecutor (1) violated the parties' stipulation that the government would not ask the jury to infer any link between the small quantity of methamphetamine found in the passenger-side door handle pocket and the larger

quantity of methamphetamine found elsewhere in the vehicle; (2) violated the Court's ruling on Plaintiff's Motion in Limine when he suggested the jury infer Martinez's testimony about an earlier trip with Defendant to California showed Defendant must have known he was involved in a drug run the second time because he did it the first time; and (3) vouched for Martinez.

The Court concluded Defendant did not establish that counsel's performance fell below an objective standard of reasonableness. The Court noted the Ninth Circuit has held that "[b]ecause many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the 'wide range' of permissible professional legal conduct." *United States v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993), *as amended on denial of reh'g* (Apr. 15, 1993). *See also Carranza v. Martel*, 722 F. App'x 612, 615 (9th Cir. 2018)("It was reasonable for the state court to conclude that the decision not to object during the closing did not amount to deficient performance."). In addition, the Ninth Circuit noted on the appeal of this matter that "the prosecutor ameliorated the vouching error himself, telling the jury that '[e]ven though I say that Mr. Martinez sounded believable to me, that doesn't matter a lick either.'" *United States v. Helguera-Del Rio*, 775 F. App'x 838, 840 (9th Cir. 2019).

The Court also concluded Defendant failed to establish prejudice. The Court noted the prosecutor ameliorated the vouching, the Court instructed the jury that the lawyers' closing arguments are not evidence, and the Ninth Circuit found on appeal that "the jury heard plenty of evidence apart from Mr. Martinez's testimony to suggest that [Defendant] was a knowing participant in a drug trafficking operation rather than an unwitting bystander." *Id.* This Court then reviewed the evidence adduced at trial that supported the verdict and concluded Defendant failed to establish there is a reasonable probability that, but for defense counsel's failure to object

to the various improper statements by the prosecutor during closing, the result of the proceeding would have been different.

Defendant reiterates the arguments he made in his Motion to Vacate in his Motion for Certificate of Appealability. The Court, however, concludes Defendant has not made a substantial showing of the denial of a constitutional right, that that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that "the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84 (quotation omitted).

## CONCLUSION

For these reasons, the Court DENIES Defendant's Motion for Certificate of Appealability. ECF 232.

IT IS SO ORDERED.

DATED:＿＿＿February 17, 2023＿＿.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

5 – OPINION & ORDER